FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 0 9 2008

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SOLOMON R. VEREEN,

Plaintiff,

v.

MAJOR EVERETT, OSMOND CONSULTING, EHHK CONSTRUCTION, LLC, MANN & MORAN, PC, IMPAC FUNDING CORP., MONICA K. GILROY, ADAM SILVER, MCCALLA RAYMER, LLC, COUNTRYWIDE HOME LOANS, DEUTSCHE BANK, JOHN ROBINSON, GERALD ROEBUCK AND JEVORA HALL,

Defendants.

CIVIL ACTION FILE
NO. 1 08-CV-1969

RWS

**COMPLAINT**

COMES NOW Solomon R. Vereen, Plaintiff in the above-styled action and shows to the Court the following:

JURISDICTION

1.

The Court has jurisdiction pursuant to the Fifth and Fourteenth Amendments of the United States Constitution as well as the Constitution of the State of Georgia. Additional jurisdiction is predicated upon 42 U.S.C. 1983 *et. seq.* due to the civil rights violation.

PARTIES

2.

Plaintiff resides at 7372 Vista Pointe Trail, City of Stone Mountain, County of DeKalb, State of Georgia and is subject to the Court's jurisdiction.

3.

Defendant Major Everett, is subject to the jurisdiction of this Court and may be serve at MAJ Thirty-Nine, Inc., 3355 Lenox Road, Suite 750, Atlanta, Georgia 30326.

4.

Defendant Osmond Consulting, LLC, is subject to the jurisdiction of this Court and may be served at 5231-E Memorial Drive #246, Stone Mountain, Georgia 30083

5.

Defendant EHHK Consulting, LLC is subject to the jurisdiction of this Court and may be served at 5231-E Memorial Drive, #246, Stone Mountain, Georgia 30083.

6.

Defendant Monica K. Gilroy, is subject to the jurisdiction of this Court and may be served at Dickenson Gilroy, LLC, 3780 Mansell Road, Suite 140, Alpharetta, Georgia 30022

7.

Defendant Adam Silver is subject to the jurisdiction of this Court and may be served at Six Concourse Parkway, Suite 3200, Atlanta, Georgia 30328

8.

Defendant McCalla Raymer, LLC is subject to the jurisdiction of this Court and may be served at 1544 Old Alabama Road, Roswell, Georgia 30076.

9.

Defendant Countrywide Home Loans (hereinafter "Countrywide") is subject to the jurisdiction of this Court and may be served at c/o Prentice-Hall Corporation System, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

10.

Defendant Deutsche Bank is subject to the jurisdiction of this Court and may be served care of its registered agent, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, GA 30361.

11.

Defendant John Robinson is subject to the jurisdiction of this court and may be served at McLarty, Robinson & Van Voorhies, 150 East Ponce de Leon Avenue, Suite 330, Decatur, GA 30030-2553

12.

Defendant Impact Funding Corp. d/b/a Impac Lending Group, is subject to the jurisdiction of this Court and may be served care of its registered agent, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, GA 30361.

13.

Defendant Mann & Moran, PC is subject to the jurisdiction of this Court and may be served at 1618 Thompson Avenue, East Point, Georgia 30344.

14.

Defendant Gerald Roebuck is subject to the jurisdiction of this Court and may be served at 206 West 137th Street, New York New York 10030.

15.

Defendant Jevora Hall is subject to the jurisdiction of this Court and may be served at MAJ, Thirty-Nine, Inc., 3355 Lenox Road, Suite 750, Atlanta, Georgia 30322

STATEMENT OF FACTS

16.

It is Plaintiff's position that the Defendants, jointly and severally, have violated the Plaintiff's civil and due process rights by the following acts and actions, in pertinent part and shows the Court the following:

17.

In the spring of 2003, Plaintiff entered into a purchase and sale agreement with the landlord of the property he was renting at 7372 Vista Pointe Trail, Stone Mountain, Georgia 30087 (the "Property").

18.

The owner of the property, Mr. Gerald Roebuck ("Roebuck"), did not at any time disclose to Plaintiff that he had filed a bankruptcy on December 31, 2002 or that the property had been foreclosed on in March, 2003. However, Roebuck did disclose his bankruptcy status to Countrywide, who held the security deed (1st lien) on the Property and Roebuck's loan was being serviced by Countrywide's bankruptcy department.

19.

This foreclosure was invalid not only because it was done in violation of the automatic stay but because Defendants EHHK Construction, LLC ("EHHK"), Everett ("Everett") and Osmond Consulting ("Osmond"), companies owned by Everett, did not transfer full and complete title as they did not have clear title at the time. They also did not advertise a proper foreclosure notice in the Champion newspaper as required by law. Furthermore, Everett has been a named defendant in a federal case concerning mortgage fraud (1:03-CV-1425-CAP, Northern

District of Georgia, 2006), where Everett was convicted of mortgage fraud and the architect of the entire scheme.

20.

Attorneys for Defendant Countrywide and Deutsche Bank ("Deutsche"), Defendant Monica Gilroy ("Gilroy"), McCalla Raymer, LLC, and in turn Defendant Adam Silver ("Silver") still took illegal steps to have Plaintiff evicted from said Property, even as he pursued all legal avenues to ratify his position as a *bona fide* purchase because of the Defendants' failure to follow property bankruptcy court procedures and abide by the bankruptcy court law.

21.

Plaintiff was offered $5,000.00 to vacate the Property, or, if he refused, he will be subject to further legal action, even though he has appealed the matter to the United States Supreme Court (Case No. 07-667).

22.

This situation also put strain on Plaintiff's marriage, his financial situation and his health.

23.

Mann & Moran, PC performed a closing for Defendant Everett and Osmond with clouds pre-existing to property title. Also allowed Jevora Hall to sign closing documents for "straw buyer"

Tavarus Newson as attorney-in-fact without a valid power of attorney and not filing valid power of attorney on record. Also Mann & Moran , PC, made false and misleading statements to Impact Funding Corp. ("Impact") in order for $299,250.00 to be advanced to Defendants Everett and Osmond with existing title issues on property.

24.

Countrywide accepted payoff payment from Defendants Everett and Osmond while Roebuck (Seller) mortgage was in bankruptcy status in Countrywide system, and with notice of Bankruptcy Court's Order vacating its prior Order granting Osmond relief from the automatic stay.

25.

Impact Funding willfully sold and assigned its purported security deed to Deutsche Bank with prior notice and knowledge of acts of mortgage fraud being committed by Everett and Osmond.

COUNT ONE - DEFENDANT'S FIFTH AMENDMENT VIOLATIONS

26.

Plaintiff re-alleges paragraphs 1 through 25 above and incorporate them by reference as if fully set forth herein. It is Plaintiff's position that the Defendants violated the Plaintiff's Fifth Amendment rights under and pursuant to the United States constitution, to wit:

27.

The mortgage fraud of Defendants Everett, EHHK and Osmond resulted in the unlawful taking of Plaintiff's property in violation of the Fifth Amendment.

28.

Defendants Gilroy, McCalla Raymer, LLC and Silver, on behalf of Defendants Countrywide and Deutsche, knowingly, intentionally and in violation of Plaintiff's Fifth Amendment rights, pursued said unlawful taking of Plaintiff's property, even though evidence was presented that the foreclosure was invalid, both procedurally, as well as a result of the dismissal of the bankruptcy that was filed prior to said foreclosure.

29.

Defendant Robinson, acting as a special master in the Superior Court of DeKalb County, made erroneous legal conclusions and ratified the unlawful taking of the property.

<u>COUNT TWO - DEFENDANTS' FOURTEENTH AMENDMENT VIOLATLONS</u>

30.

Plaintiff re-alleges paragraphs 1 through 29 above and incorporate them by reference as if fully set forth herein. It is Plaintiff's position that the Defendants violated the Plaintiff's Fifth Amendment rights under and pursuant to the United State Constitution, to wit:

31.

The mortgage fraud of Defendants Everett, EHHK and Osmond caused Plaintiff to have to defend his right to the Property, resulted in the violation of Plaintiff's right to equal protection and due process under the law.

32.

Defendants Gilroy, McCalla Raymer and Silver, on behalf of Defendants Countrywide and Deutsche, further denied the Plaintiff of his Fourteenth Amendment rights of equal protection and due process by continuing to purse legal action against Plaintiff to evict him from the property, while he was pursuing the legal process from the Superior Court of DeKalb county, Supreme Court of Georgia and finally, the Supreme Court of the United States.

33.

Defendant Robinson deprived Plaintiff of his Fourteenth Amendments rights by erroneously interpreting the controlling federal bankruptcy law and failing to ensure said law be applied equally among and between those parties that appeared before said Court.

34.

Defendant Mann & Moran performing closing on behalf of Everett and Osmond with pre-existing title issues(Court ordered

property back to Roebuck), causing Plaintiff to have to defend his rights to the Property, resulting in the violation of Plaintiff's right to equal protection and due process under the law.

35.

Defendant Impac Funding Corp with prior notice and knowledge of acts of mortgage fraud committed by Everett, Osmond and Mann & Moran, still sold purported security deed note to Deutsche causing Plaintiff to have to defend his rights to the property resulting in the violation of Plaintiff's right to equal protection and due process under the law.

36.

Defendant Roebuck's breach of the warranty of title, causing Plaintiff to have to defend his rights to the property resulting in violation of Plaintiff's right to equal protection and due process under the law.

PRAYER FOR RELIEF

WHREFORE, Plaintiff demands a jury trial and the following relief of the non-immune parties:

A. Actual damages in the amount of Three Hundred Forty-Seven Thousand Dollars ($347,000.00) the value of the property sought to be unlawfully taken.

B. compensatory damages in the amount of One Hundred Thousand Dollars ($100,000.00), or such amount that the jury may determine appropriate to compensate the Plaintiff for the emotional harm and injury suffered by the action and actions of Defendants.

C. Punitive damages in the amount of One Million Dollars ($1,000,000.00), or such amount that the jury may determine adequate to ensure that the Defendants never again commit the same acts and actions against the Plaintiff or anyone in the Plaintiff's position.

D. That the property records be corrected to reflect the proper application of the federal bankruptcy law, which holds Plaintiff to have good and clear title;

E. That the Court award the Plaintiff all costs of bringing and maintaining the above-styled cause of action, including but not limited to, attorneys fees, if applicable.

F. That Defendants Countrywide, Deutsche, Silver, Gilroy and McCalla Raymer, LLC cease and desist from any further action(s) to dispossess or evict Plaintiff from property, until this case can be heard by this Court and that each Defendant listed above be charged with additional punitive damages of $1,000,000.00 each if Plaintiff is dispossessed or evicted from property before this case is heard.

G. That the Court grant the Plaintiff any other relief that the Court deems Plaintiff is entitled to under equity or that justice may require.

Respectfully submitted this 9 day of June, 2008.

Solomon R. Vereen, *Pro Se*
7372 Vista Pointe Trail
Stone Mountain, Georgia 30087
(404) 798-4013

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SOLOMON R. VEREEN,<br><br>Plaintiff,<br><br>v.<br><br>MAJOR EVERETT, OSMOND CONSULTING, EHHK CONSTRUCTION, LLC, MANN & MORAN, PC, IMPAC FUNDING CORP., MONICA K. GILROY, ADAM SILVER, MCCALLA RAYMER, LLC, COUNTRYWIDE HOME LOANS, DEUTSCHE BANK, JOHN ROBINSON, GERALD ROEBUCK AND JEVORA HALL,<br><br>Defendants. | ) | CIVIL ACTION FILE NO.________________ |

VERIFICATION OF COMPLAINT

Pursuant to Title 28, United States Code, Section 1746, I, Solomon R. Vereen, do hereby state that the foregoing Complaint is true and correct to the best of my knowledge and belief.

Signed this 9 day of June, 2008.

Solomon R. Vereen

Salomon Verano
P.O. Box 44184
ATL, GA 30336

Deed Book 14044 Pg 797
Filed and Recorded Aug-29-2003 09:08am
2003-0134904
Linda Carter
Clerk of Superior Court Dekalb Cty. Ga.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE

Chapter 13
Case No. 02-43805 CB

**GERARD ROEBUCK,**

Debtor.

**ORDER VACATING PRIOR ORDER OF THIS COURT DATED FEBRUARY 6, 2003 IN GRANTING OSMOND CONSULTING, LLC RELIEF FROM AUTOMATIC STAY**

A motion, brought on by notice, by Debtor, GERARD ROEBUCK, for an Order vacating Creditor Osmond Consulting, LLC's prior Order dated February 6, 2003 granting it Relief from the Automatic Stay and for other Requested Relief concerning Debtor's property located at 7372 Vista Point Trail, Stone Mountain, GA 30087 of DeKalb County

The *motion being returnable before this court on* July 24, 2003.

**NOW, UPON THE FILING AND READING** of Debtor's Notice of Motion and the annexed supporting Affidavit, sworn to July 3, 2003, with exhibits, and the affidavit or proof of service of these papers, all appearing satisfactory to this court, the creditor Osmund Consulting, LLC failing to appear, and after oral argument before this Court on said date, by the Debtor, and at said time and after due deliberation,

Now, upon the *motion of* GOLDBERG, SCUDIERI, LINDENBERG & BLOCK, P C., attorneys for Debtor, GERARD ROEBUCK, is it hereby

**ORDERED, ADJUDGED AND DECREED**

that for good cause shown, the **MOTION** is **GRANTED**, and the this Court's prior Order dated February 6, 2003 is hereby vacated **FORTHWITH**, and it is further

C:\roebuck,gerard notset\ta\7-24-03

UNITED STATES BANKRUPTCY COURT

**ORDERED** that this court finds that the transfer of the property located at 7372 Vista Point Trail, Stone Mountain, GA 30087 of DeKalb County which took place on January 7, 2003 was in violation of U.S B.C Section 362, the automatic stay.

Deed Book 14944 Pg 798

Linda Carter
Clerk of Superior Court Dekalb Cty. Ga.

So Ordered

Dated New York, New York
August 19, 2003

ENTER.

/s/ Cornelius Blackshear
Honorable Cornelius Blackshear,
United States Bankruptcy Judge

I hereby attest and certify on August 26, 2003 that the foregoing document is a full, true and correct copy of the original filed on the court's electronic case filing system

Clerk, US Bankruptcy Court, SDNY

By: ______ Deputy Clerk




C | roebuck,gerard,,notset\ta | 7-24

I hereby certify the within and foregoing to be a true, correct and complete copy of the original that appears in Deed BK 14944 PG 797-798 in this office this 22nd day of ____ 2007

**LINDA CARTER Clerk of Superior Court, Dekalb County, GA**

By ______ Deputy Clerk

not valid unless signed in black ink

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:

GERARD ROEBUCK

Debtor.

Chapter 13

Case No. 02- 43805 (CB)

---------------------------------------------------------x

**NOTICE OF MOTION**

COUNSELOR:

PLEASE TAKE NOTICE, that upon the application of the Debtor, GERARD ROEBUCK, by its undersigned counsel, shall move before the Honorable Cornelius Blackshear, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, on July 24th , 2003 at 10 AM. or as soon thereafter as counsel can be heard, for an Order:

a vacating the Order Granting Lift of Automatic Stay entered herein dated February 6, 2003,

b. Setting aside the Deed Under Power of Sale to Osmond Consulting, LLC Deed dated January 7, 2003 , purporting to convey title of the Debtor's Property located at 7372 Vista Point Trail, Stone Mountain, GA 30087 of DeKalb County

c. granting movant any and all other and further such relief that this Court deems just, proper, equitable and appropriate under all of the circumstances herein..

Dated: New York, New York
July 2, 2003

Yours, etc.,

GOLDBERG, SCUDIERI, LINDENBERG & BLOCK, P.C.
Attorneys for Debtor
45 West 45th Street, Suite 1401
New York, New York 10036-4602
(212) 921-1600

By: /S/
Mark K. Lindenberg, Esq. (ML-7671)

TO: Major Everett
Osmond Consulting, LLC
5231-E memorial Drive, Ste. 246
Stone Mountain, GA 30083
fax: 404/581-0358

Jeffrey Sapir
Chapter 13 Trustee
399 Knowllwood Road, Ste 102
White Plains, NY 10603

Settlement Date: August 1, 2003
Time: 10:00 A.M.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE:

Chapter 13
Case No. 02-43805 CB

**AFFIDAVIT OF SERVICE**

GERARD ROEBUCK,

Debtor.
------------------------------------------------------------x

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, THADDECIA ANDREWS, being sworn, say; I am not a party to the action, am over 18 years of age and work at 45 West 45th Street, Suite 1401, New York, New York 10036-4602.

On July 25, 2003, I served the within Notice of Settlement with Order Vacating Prior Order of this Court dated February 6, 2003 in Granting Osmond Consulting, LLC Relief from Automatic Stay, regular First Class Mail, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:*

* Major Everett
Osmond Consulting, LLC
5231-E Memorial Drive, Ste. 246
Stone Mountain, GA 30083

* Jeffrey Sapir
Chapter 13 Trustee
399 Knowllwood Road, Ste. 102
White Plains, NY 10603

Thaddecia L. Andrews
THADDECIA ANDREWS

Sworn to before me this
25 day of July 2003

NOTARY PUBLIC
MARK K. LINDENBERG
Notary Public State of New York
No. 02LI5081011
Qualified in New York County
Commission Expires June 30, 2007

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

GOLDBERG, SCUDIERI, LINDENBERG & BLOCK, P.C.

*Attorneys for*

*Office and Post Office Address*

45 WEST 45TH STREET, SUITE 1401

NEW YORK, NEW YORK 10036-4602

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on

at M.

Dated,

Yours, etc.

GOLDBERG, SCUDIERI, LINDENBERG & BLOCK, P.C.

*Attorneys for*

*Office and Post Office Address*

45 WEST 45TH STREET, SUITE 1401

NEW YORK, NEW YORK 10036-4602

To

Attorney(s) for

Case No. 02-43805-cb Year

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

IN RE:

GERARD ROEBUCK,

Debtor.

NOTICE OF SETTLEMENT WITH ORDER VACATING PRIOR ORDER OF THIS COURT DATED FEBRUARY 6, 2003 IN GRANTING OSMOND CONSULTING, LLC RELIEF FROM AUTOMATIC STAY

Signature (Rule 130-1.1-a)

Print name beneath MARK K. LINDENBERG, ESQ.

GOLDBERG, SCUDIERI, LINDENBERG & BLOCK, P.C.

*Attorneys for* Debtor

*Office and Post Office Address, Telephone*

45 WEST 45TH STREET, SUITE 1401

NEW YORK, NEW YORK 10036-4602

(212) 921-1600

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated

Attorney(s) for

Deed Book 14526 Pg 391
Filed and Recorded Apr-28-2003 10:45am
2003-0067513B
Real Estate Transfer Tax $231.00

Linda Carter
Linda Carter
Clerk of Superior Court Dekalb Cty. Ga.

Return Recorded Document to:
Giddens, Davidson & Mitchell, P.C.
5000-B Snapfinger Woods Drive

Decatur, Georgia 30035

# WARRANTY DEED

STATE OF GEORGIA

COUNTY OF DEKALB

**This Indenture** made this **23rd** day of **April,** in the year **Two Thousand Three**, between **GERALD ROEBUCK** of the County of DEKALB, State of Georgia, as party or parties of the first part, hereinunder called Grantor and **SOLOMON VEREEN**, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

**W I T N E S S E T H that:** Grantor, for and in consideration of the sum of **TEN AND 00/100'S ($10.00) Dollars** and other good and valuable considerations in hand paid at and before the sealing and delivery of these presents the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

**See Exhibit "A" attached hereto and made a part hereof by this reference.**

This Deed is given subject to all easements and restrictions of record, if any.

STONE MOUNTAIN JUDICIAL CIRCUIT SUPERIOR COURT DEKALB COUNTY, GA.

GEORGIA, DEKALB COUNTY
I HEREBY CERTIFY THE WITHIN AND FOREGOING TO BE A TRUE, CORRECT AND COMPLETE COPY OF THE ORIGINAL THAT APPEARS OF RECORD IN Deed BOOK 14526 PAGE 391-392 IN THIS
This 1st DAY OF Sept 20 04
DEPUTY CLERK, DEKALB SUPERIOR COURT DEKALB COUNTY, GEORGIA

**TO HAVE AND TO HOLD** the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in **FEE SIMPLE.**

**AND THE SAID** Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever

**IN WITNESS WHEREOF,** Grantor has hereunto set grantor's hand and seal this day and year first above written

Signed, sealed and delivered in the presence of

Patricia Roebuck
Witness

Gerald Roebuck (Seal)
**GERALD ROEBUCK**

_______________ (Seal)

John H. Joyce
Notary Public

_______________ (Seal)

JOHN H JOYCE
Notary Public, State of New York
No 4812208
Qualified in New York County
[illegible]

sworn and subscribed before me this 24th day of June, 2003 ... July 1, 2006