**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SOLOMON R. VEREEN,

    Plaintiff,

v.

MAJOR EVERETT; OSMOND
CONSULTING, LLC; EHHK
CONSTRUCTION, LLC; MANN
& MORAN, PC, IMPAC
FUNDING CORP.; MONICA K.
GILROY; ADAM SILVER;
McCALLA RAYMER, LLC;
COUNTRYWIDE HOME
LOANS; DEUTSCHE BANK;
JOHN ROBINSON; GERALD
ROEBUCK; and JEVORA HALL,

    Defendants.

CIVIL ACTION NO.
1:08-CV-1969-RWS

## **ORDER**

This case is before the Court on Deutche Bank National Trust Company's, Countrywide Home Loans, Inc.'s, and IMPAC Funding Corp.'s Motion to Dismiss Plaintiff's Complaint [Dkt. No. 6], Monica K. Gilroy's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 7], McCalla Raymer, LLC's and Adam Silver's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 8], John

Robinson's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 11], Mann & Moran, PC's Motion to Dismiss [Dkt. No. 36], and Plaintiff's Motion for Service by Publication as to Jevora Hall [Dkt. No. 50]. After considering the entire record, the Court enters the following Order.

## Background[1]

Plaintiff brought suit against fourteen named defendants, claiming that they jointly and severally violated Plaintiff's civil and due process rights connected to a transaction in which Plaintiff attempted to purchase a piece of property located at 7372 Vista Pointe Trail, Stone Mountain, Georgia 30087, which he had been renting from the owner/landlord. However, the owner of the property appears to have filed for bankruptcy, and the property in question went into foreclosure. As a result, Plaintiff was evicted from the property.

Plaintiff has brought suit against Defendants, claiming that their conduct has violated his equal protection and due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. He claims that Defendants unlawfully possessed the real property at issue and that they

---

[1] The facts stated herein are taken primarily from the Plaintiffs' Complaint [1]. The Court makes no findings with regard to these facts.

2

wrongfully evicted him from the subject property while Plaintiff was pursuing claims in the Superior Court of DeKalb County, the Georgia Supreme Court, and the United States Supreme Court.

A great amount of litigation has already taken place with regard to the issues between the parties in this case, including two actions to quiet title, two actions filed by Plaintiff fin state court, four appeals (one of which reached the United States Supreme Court), and an eviction proceeding in state court. Now before the Court is the United States District Court Lawsuit. Having exhausted virtually all other venues, Plaintiff has now filed the instant action. Several of the Defendants named in this action have now filed Motions to Dismiss, and Plaintiff has moved to serve an additional Defendant by publication.

## Analysis

### A. Standard for a Motion to Dismiss

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271,

3

1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

**B. Defendants' Motions to Dismiss [Dkt. Nos. 6, 7, 8, 11, 36]**

Defendants Deutsche Bank, Countrywide, IMPAC, Monica K. Gilroy, McCalla Raymer, Adam Silver, John Robinson, and Mann & Moran all urge the Court to dismiss Plaintiff s Complaint in its entirety based on failure to state a claim upon which relief can be granted in federal court or upon the doctrine of *res judicata*. See [Dkt. Nos. 6, 7, 8, 11, 36].

4

First, the Countrywide Defendants argue that Plaintiff's Complaint should be dismissed because it fails to state a claim. Fed. R. Civ. P. 12(b)(6). Notwithstanding the judgments previously rendered by the DeKalb County State Court, the DeKalb County Superior Court, the Georgia Court of Appeals and the Georgia Supreme Court to the contrary, Plaintiff continues to claim that he is the owner of the property at issue. There is no question in the case before the Court that Plaintiff has been afforded due process of law. Rather, Plaintiff has, in fact, exhausted his remedies under the laws of the State of Georgia as well as those afforded by the U.S. Constitution. The fundamental requisite of due process of law is the opportunity to be heard. Grannis v. Ordean, 234 U.S. 385, 394 (1914). The record shows that Plaintiff has had the opportunity to be heard on numerous occasions and in many venues. The courts have determined that he is not the titled owner of the property.

Furthermore, in this case, Plaintiff alleges that the Court has jurisdiction pursuant to 42 U.S.C. § 1983 due to the alleged constitutional violations. "[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal

5

statute clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such claim is wholly insubstantial and frivolous." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998). (citations and emphasis omitted). Under this second ground, "subject matter jurisdiction is lacking only if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." Id. (citations omitted). The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover, but rather whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction. McGinnis v. Ingram Equip. Co., Inc., 918 F.3d 1491, 1494 (11th Cir. 1990) (en banc).

To the extent that Plaintiff asserts a Fifth or Fourteenth Amendment claim, jurisdiction of his claim against the Moving Defendants (except for Special Master John Robinson) fails because he has not alleged any *state* action, which is a prerequisite to the type of claim asserted by the Plaintiff. "The Fourteenth Amendment, and, through it, the Fifth Amendment, do not apply to private parties unless those parties are engaged in activity deemed to be 'state action.'" Nat'l Broadcasting Co. v. Comms. Worker of Am., 860 F.2d 1022,

6

1024 (11th Cir. 1988) (citation omitted). Because Plaintiff fails to allege "state action" against any of the moving Defendants (besides Defendant Robinson), these claims are insubstantial and frivolous. Because this court lacks jurisdiction over any remaining state-law claims, the Court deems that Plaintiff's claims against these Defendants should be dismissed. See Diaz v. Sheppard, 85 F.3d 1502, 1505-06 (11th Cir. 1996). Thus, these claims arising under § 1983 must be **DISMISSED**.

John Robinson, who acted as Special Master for the Georgia Superior Court in DeKalb County during the quiet title proceedings with regard to the property at issue here, was appointed by the superior court as a Special Master. Under applicable Georgia law, anyone, whether or not a lawyer, who is an officer of a judicial system performing judicial functions, including a Special Master, is a judge for the purpose of Georgia law. West End Warehouses, Inc. v. Dunlap, 141 Ga. App. 333; 233 S.E.2d 284 (1977); see also O.C.G.A. § 50-21-25. Therefore, Robinson is entitled to the benefit of the doctrine of judicial immunity. That doctrine allows judges to exercise within their lawful jurisdiction untrampled determination, without apprehension of subsequent damage suits. Therefore, the claims Plaintiff brings against him for

7

determinations made in his capacity as Special Master are due to be **DISMISSED**.

Second, Defendants assert that the entire suit is barred by the doctrine of res judicata. The Court notes that a comparison of the allegations contained in the Complaint and those contained in the first and second DeKalb County lawsuits and in Plaintiff's various appellate actions show that all of the previous litigation arises from the same nucleus of operative facts. They all assert claims regarding the Plaintiff's purported rights to the property at issue here.

The term res judicata has been used to refer to both claim preclusion and to issue preclusion. See Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514 (11th Cir. 1996). "Under the federal full faith and credit statute, 28 U.S.C. § 1738, federal courts give preclusive effect to a state-court judgment whenever the courts of the state from which the judgment emerged would do the same." Richardson v. Miller, 101 F.3d 5665, 668 (11th Cir. 1996). In other words, this Court applies Georgia law to determine that the effect of the judgments rendered by the courts of the State of Georgia preclusive. Under Georgia law, the scope and application of res judicata is governed by O.C.G.A. Sec. 9-12-40, which provides:

8

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue on which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

See also Akin v. Pafec Ltd., 991 F.2d 1550, 1556 (11 th Cir. 1993).

"A party seeking to evoke res judicata on the basis of a prior judgment must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues." Akin, 991 F.2d at 1556. "Generally both the party invoking res judicata and the party against whom it is invoked must have been represented in the prior action for res judicata to apply." Akin, 991 F.2d at 1559.

The record shows that Deutsche Bank, Countrywide, IMPAC, Gilroy, McCalla Raymer, Silver, John Robinson, and Mann & Moran were all parties in the prior litigation. Plaintiff has raised identical causes of action in all of the lawsuits and appeals. It is uncontroverted that the dismissal of the Second DeKalb County Lawsuit was, in fact, based upon the doctrine of res judicata. In

9

all of the prior actions, Plaintiff has claimed an interest in the subject property and violations of his rights as a result of the grant of a dispossessory warrant to evict him from the subject property. And finally, the DeKalb County lawsuits, the state court eviction proceeding, and the appellate affirmations of these suits do constitute an adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues. Moreover, Plaintiff cannot raise any other claim arising out of the same course of events in this litigation. Under Georgia law, parties may not raise issues arising out of the same transaction which should have been pled in a prior suit. Akin, 991 F.2d at 1557. The Court concludes that Plaintiff's claims shall be **DISMISSED** based on res judicata.

For all of the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss.

F. Plaintiff s Motion for Service by Publication as to Jevora Hall [Dkt. No. 50]

Finally Plaintiff moves the Court to allow Service by Publication as to Jevora Hall. In light of the Court's conclusion above that the Court lacks jurisdiction over the claims in this case, Plaintiff's Motion is **DENIED**.

10

## Conclusion

In conclusion, Deutche Bank National Trust Company's, Countrywide Home Loans, Inc.'s, and IMPAC Funding Corp.'s Motion to Dismiss Plaintiff's Complaint [Dkt. No. 6] is hereby **GRANTED**, Monica K. Gilroy's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 7] is hereby **GRANTED**, McCalla Raymer, LLC's and Adam Silver's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 8] is hereby **GRANTED**, John Robinson's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 11] is hereby **GRANTED**, Mann & Moran, PC's Motion to Dismiss [Dkt. No. 36] is hereby **GRANTED**, and Plaintiff's Motion for Service by Publication as to Jevora Hall [Dkt. No. 50] is hereby **DENIED**.

**SO ORDERED**, this  31st  day of March, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)