**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SOLOMON R. VEREEN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:08-CV-1969-RWS |
| MAJOR EVERETT; OSMOND : | |
| CONSULTING, LLC; EHHK : | |
| CONSTRUCTION, LLC; MANN : | |
| & MORAN, PC, IMPAC : | |
| FUNDING CORP.; MONICA K. : | |
| GILROY; ADAM SILVER; : | |
| McCALLA RAYMER, LLC; : | |
| COUNTRYWIDE HOME : | |
| LOANS; DEUTSCHE BANK; : | |
| JOHN ROBINSON; GERALD : | |
| ROEBUCK; and JEVORA HALL , : | |
| : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Reconsideration [52]. After a review of the record, the Court enters the following Order.

## I.     Motion for Reconsideration

Plaintiff Solomon R. Vereen, proceeding *pro se*, moves for reconsideration of this Court's Order of March 31, 2009, granting Defendants'

motions to dismiss. (See Order of Mar. 31, 2009 [51]). In that Order, the Court concluded that Plaintiff had failed to state a claim upon which relief could be granted. The Court found that Plaintiff had exhausted his remedies under the laws of the State of Georgia and the U.S. Constitution and therefore was not deprived of due process of law. (See id. at 5). Further, the Court held that it lacked jurisdiction over Plaintiff's 42 U.S.C. § 1983 claim, since Plaintiff's Complaint did not allege any state action, a prerequisite to a § 1983 claim. (See id. at 6-7). Additionally, the Court found that the claims raised by the Plaintiff arose from the same nucleus of operative facts as previous litigation among the same parties in state court, thus under Georgia law the claims were barred by the doctrine of *res judicata*. (See id. at 8-10). Therefore, the Court dismissed the claims.

In support of his motion for reconsideration, Plaintiff argues that the Court erred in its application of the Federal Bankruptcy Code. However, the Court's Order to dismiss Plaintiff's case did not rest on an interpretation of bankruptcy law. Rather, the Court granted Defendants' motions to dismiss because: (1) it lacked jurisdiction to hear the case under § 1983 since the Plaintiff failed to allege any state action; (2) the Plaintiff suffered no due

2

process violation; and (3) the case was barred by the doctrine of *res judicata*.[1] (See id. at 6-10). Because Plaintiff's Motion for Reconsideration rests upon the same grounds as the original complaint, this Court declines to reconsider its Order of March 31, 2009. Furthermore, Plaintiff's Motion for Reconsideration is untimely as it was filed on May 5, 2009, more than a month after the entry of the Order. See L.R.7.2E, N.D. Ga. (motion for reconsideration "shall be filed with the clerk of the court within ten (10) days after the entry of the order").

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." L.R. 7.2E, N.D. Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

Conversely, motions for reconsideration may not be used as a vehicle to "repackage familiar arguments to test whether the court will change its mind." Bryan, 246 F. Supp. 2d at 1259. Likewise, such motions "may not be used to offer new legal theories or evidence that could have been presented in

---

[1] Plaintiff's Complaint asserted violations of the Fifth and Fourteenth Amendments, as well as 42 U.S.C. § 1983 as the basis for the Court's jurisdiction. (See Plaintiff's Complaint [1]).

3

conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." <u>Adler v. Wallace Computer Servs., Inc.</u>, 202 F.R.D. 666, 675 (N.D. Ga. 2001).

Plaintiff's Motion for Reconsideration does not offer new evidence, is not predicated on an intervening change in the law, and is not necessary to correct a clear error of law or fact upon which the Order was based. Rather, it is based upon the same arguments rejected by the Court in its March 31, 2009 Order.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration [52] is hereby **DENIED**.

**SO ORDERED**, this  19th  day of August, 2009.

_____
**RICHARD W. STORY**
United States District Judge

4