**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SOLOMON R. VEREEN,

    Plaintiff,

v.

MAJOR EVERETT; OSMOND
CONSULTING, LLC; EHHK
CONSTRUCTION, LLC; MANN
& MORAN, PC, IMPAC
FUNDING CORP.; MONICA K.
GILROY; ADAM SILVER;
McCALLA RAYMER, LLC;
COUNTRYWIDE HOME
LOANS; DEUTSCHE BANK;
JOHN ROBINSON; GERALD
ROEBUCK; and JEVORA HALL ,

    Defendants.

CIVIL ACTION NO.
1:08-CV-1969-RWS

**<u>ORDER</u>**

This case is before the Court on Plaintiff's Motion for Entry of Default

Judgment Against Defendant Major Everett [Dkt. 59]. After considering the

entire record, the Court enters the following Order.

## Background[1]

Plaintiff brought suit against fourteen named defendants, claiming that they jointly and severally violated Plaintiff's civil and due process rights connected to a transaction in which Plaintiff attempted to purchase a piece of property located at 7372 Vista Pointe Trail, Stone Mountain, Georgia 30087, which he had been renting from the owner/landlord. However, the owner of the property appears to have filed for bankruptcy, and the property in question went into foreclosure. As a result, Plaintiff was evicted from the property.

Plaintiff has brought suit against Defendants, claiming that their conduct has violated his equal protection and due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. He claims that Defendants unlawfully possessed the real property at issue and that they wrongfully evicted him from the subject property while Plaintiff was pursuing claims in the Superior Court of DeKalb County, the Georgia Supreme Court, and the United States Supreme Court.

---

[1] The facts stated herein are taken primarily from the Plaintiffs' Complaint [1]. The Court makes no findings with regard to these facts.

2

Several Defendants in this action filed motions to dismiss. This Court dismissed those Defendants in its Order of March 31, 2009 [Dkt. 51], in part because this Court lacks subject matter jurisdiction over the cause of action alleged by the Plaintiff. Defendant Everett did not file a motion to dismiss and has not responded to this suit in any form.

## Analysis

Defendant Everett has failed to plead or otherwise defend against Plaintiff's suit. If this Court had subject matter jurisdiction over Plaintiff's action, a default judgment would be appropriate. See Fed. R. Civ. P. 55. However, for the reasons discussed below, this Court lacks subject matter jurisdiction in this action. While Defendant Everett has not personally raised the issue, this Court is under an obligation to address subject matter jurisdiction *sua sponte* whenever it may be lacking. Hernandez v. U.S. Atty. Gen., 513 F.3d 1336, 1339 (11th Cir. 2008).

In this case, Plaintiff alleges that the Court has jurisdiction pursuant to 42 U.S.C. § 1983 due to the alleged constitutional violations. "[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or

3

(2) such claim is wholly insubstantial and frivolous." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998). (citations and emphasis omitted). Under this second ground, "subject matter jurisdiction is lacking only if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." Id. (citations omitted). The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover, but rather whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction. McGinnis v. Ingram Equip. Co., Inc., 918 F.3d 1491, 1494 (11th Cir. 1990) (en banc).

To the extent that Plaintiff asserts a Fifth or Fourteenth Amendment claim, jurisdiction of his claim against Defendant Everett fails because he has not alleged any *state* action, which is a prerequisite to the type of claim asserted by the Plaintiff. "The Fourteenth Amendment, and, through it, the Fifth Amendment, do not apply to private parties unless those parties are engaged in activity deemed to be 'state action.'" Nat'l Broadcasting Co. v. Comms. Worker of Am., 860 F.2d 1022, 1024 (11th Cir. 1988) (citation omitted). Because Plaintiff fails to allege "state action" against Defendant Everett, this court lacks jurisdiction over Plaintiff's 42 U.S.C. § 1983 claim and thus also

4

lacks jurisdiction over any remaining state-law claims. Thus, these claims arising under § 1983 must be **DISMISSED**. Therefore this Court may not enter a default judgment against Defendant Everett.

## Conclusion

For the aforementioned reasons, Plaintiff's Motion for Entry of Default Judgment Against Defendant Major Everett [Dkt. 59] is **DENIED** and Plaintiff's claims against Defendant Everett are **DISMISSED** for lack of subject matter jurisdiction. Furthermore, for the reasons outlined above, as well as in this Court's Order of March 31, 2009 [Dkt. 51], this Court lacks subject matter jurisdiction for Plaintiff's claims against the remaining Defendants. Therefore, Plaintiff's claims against Defendants Osmond Consulting, LLC, EHHK Construction, LLC, Gerald Roebuck and Jevora Hall are **DISMISSED**. Since all of Plaintiff's claims have been dismissed, the Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this   5th   day of January, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)